2022R00022/KRR/JSG

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William J. Martini |
| v. | : | Crim. No. 25-28 |
| RAYMOND WOODALL, SR. | : | 18 U.S.C. § 1343 |
| | : | 26 U.S.C. § 7206(1) |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

### COUNT ONE
(Wire Fraud)

### INTRODUCTION

1. From in or around January 2013 to on or about May 30, 2022, the defendant, RAYMOND WOODALL, SR. ("WOODALL") defrauded the Ironworkers Local Union Number 11 AFL-CIO (hereinafter "Local 11") for which he worked, by, among other things: (a) fraudulently redeeming and receiving personal benefits for himself, his friends, and others at dozens of sporting events, music concerts, and other entertainment venues through his employment at Local 11; and (b) concealing from the general membership and executive board of Local 11 his personal receipt and use of hundreds of thousands of dollars in benefits belonging to Local 11.

## Background

2. At all times relevant to this Information:

*Individuals and Entities*

    a. Local 11, headquartered in Bloomfield, New Jersey, was a "labor organization" as that term is defined in Title 29, United States Code, Sections 142(3), 152(5), 402(i), and 402(j). Local 11 represented, sought to represent, and would admit to its membership individuals who worked in the construction industry at various project sites in New Jersey.

    b. WOODALL was employed and served as Business Manager of Local 11. Under the Local 11 Constitution and Bylaws, WOODALL was the principal representative of Local 11 and also a designated member of the Executive Board of Local 11. He was in charge of the daily operations of Local 11 and had the final say over all jurisdictional and internal union matters.

    c. Company-1 was in the business of selling print advertisements in magazines, programs, annual previews, and yearbooks of various sports teams and commercial entities, as well as in newspapers and other media outlets and was headquartered in New York, New York.

    d. Company-2 was a sister company of Company-1 and was in the business of providing hospitality or concierge services to the customers of Company-1. Company-2 was located in Reisel, Texas.

*Union Accounts and Spending*

    e. Local 11 established a Market Recovery Account (hereinafter, the "MRA") that was funded by the members of Local 11 through the collection of special

dues, with the primary purposes: (1) to subsidize member contractors so they are able to bid competitively against non-union shops; and (2) to maintain, when necessary, the negotiated hourly wages and fringe benefits of union members. Between at least in or around January 2013 and in or around July 2022, the MRA was operated by WOODALL, who was the sole signatory on checks that disbursed funds from the MRA.

    f. As the principal officer of Local 11, WOODALL was also a fiduciary of Local 11, pursuant to Title 29, United States Code, Section 501(a). As a fiduciary, WOODALL had a duty and obligation to: (1) hold the money and funds of the MRA solely for the benefit of the union and its members, individually and as a group; (2) refrain from acquiring any pecuniary interest that conflicted with the principles and interests of Local 11 and its membership; and (3) account to Local 11 and its membership for any benefits he received in any capacity with transactions conducted under his direction. As a fiduciary, WOODALL had a duty to spend MRA funds solely for the members' benefit, and to avoid spending MRA funds for his own self-interest and the interests of his family, friends, and others.

### The Wire Fraud Scheme to Defraud

3. From in or around January 2013 to on or about May 30, 2022, in the District of New Jersey and elsewhere, the defendant,

**RAYMOND WOODALL, SR.,**

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and to deprive Local 11 of money by means of materially false and fraudulent pretenses, representations, and promises, as set forth below.

### Goal of the Wire Fraud Scheme to Defraud

4.      The goal of the scheme was for WOODALL, through concealment and deception, to enrich himself and others by fraudulently receiving hundreds of thousands of dollars in personal benefits for himself, his friends, and others at dozens of sporting events, music concerts, and other entertainment venues through his employment at Local 11 based on millions of dollars that WOODALL caused Local 11 to spend on advertising.

### Manner and Means of the Wire Fraud Scheme to Defraud

5.      It was part of the scheme to defraud that:

a.      From at least in or around January 2013 to on or about May 30, 2022, WOODALL placed advertisements with Company-1 on behalf of Local 11 in the approximate amount of $4,118,750. WOODALL caused approximately $3,604,500 to be paid from the MRA for these advertisements. In or around July 2022, when WOODALL ceased employment at Local 11, the MRA administered by WOODALL on behalf of Local 11 was in debt to Company-1 for approximately $513,750. Local 11 obtained a loan of approximately $1 million from the International Ironworkers Union to satisfy that debt.

b.      In return for spending on advertisements, Company-1 allocated approximately 20% of the value of advertisements to be redeemed by Local 11 as non-hospitality merchandising or merchandising credits. Merchandising credits are typically used by a company for entertainment of clients and customers at sporting events and concerts. The merchandizing credits consisted of gift cards, sports tickets, concert tickets, airline tickets, and hotel and resort reservations.

4

c. Between at least in or around January 2014 through in or around July 2022, WOODALL personally redeemed merchandising credits through Company-2 for himself, his friends, and others at dozens of sporting events, music concerts, and other entertainment venues.

d. WOODALL concealed the receipt and use of merchandising credits belonging to Local 11 from the general membership and executive board of Local 11 and fraudulently diverted merchandising credits from Local 11 for his personal use and benefit and the benefit of others not authorized by Local 11. The merchandising credits were allocated solely to WOODALL.

e. WOODALL lacked the good faith belief that: (1) the money spent from the MRA to Company-1 was solely for the legitimate interests of Local 11 and its members; and (2) that the merchandising "points" he redeemed from Company-2 were used solely for the benefit of the union and its members.

f. WOODALL placed advertisements with Company-1 and redeemed merchandising credits by phone and email. In turn, Company-1 confirmed WOODALL's use of merchandising credits by email.

g. WOODALL concealed his receipt and use of the credits for his own personal use and benefit and that of others.

h. WOODALL accepted hundreds of thousands of dollars in merchandising credits from Company-1, through Company-2, based on his employment at Local 11.

## Execution of the Scheme to Defraud

6. On or about February 15, 2020, for the purpose of executing the scheme and artifice to defraud, in the District of New Jersey and elsewhere, the defendant,

**RAYMOND WOODALL, SR.,**

knowingly and intentionally devised a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce certain writings, signs, signals, pictures, and sounds, including wire communications, specifically, the request to book tickets in a suite at, and transportation to, a music concert in New York, New York, which wire communication passed through New Jersey.

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO
(Making or Subscribing to a False Tax Return)

7. On or about March 30, 2023, in the District of New Jersey and elsewhere, the defendant,

**RAYMOND WOODALL, SR.,**

did willfully make and subscribe a U.S. Individual Tax Return, for the calendar year 2022, which was verified by a written declaration that it was made under the penalty of perjury, and was filed with the Internal Revenue Service, and included information he did not believe to be true and correct as to every material matter. Specifically, the return failed to report approximately $14,562.98 in other income on Form 1040, Line 21, whereas, as he then and there well knew and believed, such income should have been properly included in the Form 1040 for 2022.

In violation of Title 26, United States Code, Section 7206(1).